WARNER *v.* WHEELER.

A complaint for bastardy may be made by a town before the birth of the child.

The action is not defeated by the complainants' failure to file copies of the papers on the first day of the term.

The magistrate may be allowed to attest the copies at any time.

The town's complaint need not allege where the child was begotten.

"The town of Warner" is a sufficient description of the complainants.

COMPLAINT FOR BASTARDY, made by a town before birth of child, alleging that the pregnant woman refuses to make complaint. The defendant moved to dismiss.

*J. Y. Mugridge* and *S. Davis*, for the plaintiffs.

*A. P. Davis*, for the defendant.

STANLEY, J.   For certain reasons the statute does not allow the complaint to be made by the woman after birth of the child. *M. J. J.* v. *J. C. B.*, 47 N. H. 362. But as the protection of the public against pauperism is the object of the law authorizing the town to prosecute (*Warren* v. *Glynn*, 36 N. H. 424), the town is allowed to sue for security when necessary either before or after the birth. If the woman makes complaint and abandons it, the town is admitted to prosecute it before the birth, and if in the opinion of the selectmen she makes a false complaint, the town may immediately institute a prosecution. Her abandonment of her complaint before the birth, or her making a false complaint, does not compel the town to wait, and does not give the father an opportunity to escape; and her neglect or refusal to complain gives him no more immunity than her abandonment of a complaint, or her making a false one. G. L., c. 84, ss. 5, 6. The provision of s. 6, that complaint may be made by the selectmen "at any time before the expiration of one year from the birth of the child," does not fix the beginning of the time in which the town may intervene. That section describes the woman as "the mother" before the child is born.

It was the duty of the magistrate to make a certified copy of each paper in the case, and deliver the same to the complainant, or return the same to court on or before the first day of the term. G. L., c. 84, s. 3. The action was entered and copies of the papers were filed on the second day of the term. Copies of the complaint and warrant were fastened together, and the magistrate's attestation was at the bottom of the warrant as of one paper. Filing the papers on the first day of the

term was not a necessary part of the plaintiffs' case. The complaint and warrant were probably one paper, but the magistrate may be allowed to attest the copy of the complaint at any time. The complaint need not allege where the child was begotten. *Littleton* v. *Perry*, 50 N. H. 29. The plaintiffs are sufficiently described in the complaint as the town of Warner. *W. Lake Co.* v. *Young*, 40 N. H. 420, 430.

*Motion denied.*

ALLEN, J., did not sit: the others concurred.